UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| BORDERFEST ASSOCIATION,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF HIDALGO, TEXAS, HIDALGO ECONOMIC DEVELOPMENT CORPORATION, STATE FARM ARENA AND HIDALGO BORDERFEST, LLC,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § §  Case No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, REQUEST FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

COMES NOW PLAINTIFF BORDERFEST ASSOCIATION and hereby complains against Defendants CITY OF HIDALGO, TEXAS, HIDALGO ECONOMIC DEVELOPMENT CORPORATION and HIDALGO BORDERFEST, L.L.C., (collectively, the "Defendants") as and for causes of action would show as follows:

### I.   INTRODUCTION

**1.** This lawsuit arises out of Defendants' use of a trademark that is confusingly similar to the Borderfest Association's registered trademark "Borderfest". Borderfest Association uses its registered Borderfest trademark in connection with a multicultural educational and entertainment festival in the Rio Grande Valley of Texas. Specifically, the mark was registered for "entertainment and educational services, namely, organizing and conducting an annual multi-day event featuring live entertainment, visual and performing arts, cultural activities and celebrating ethnic heritage and diversity, arts and crafts exhibits, and international foods." Defendants are

promoting a community festival in Hidalgo using the BORDERFEST mark at the same time that the Borderfest Association is conducting Borderfest in the City of McAllen.  As a result, Borderfest Association seeks an order enjoining the City of Hidalgo and Hidalgo Borderfest, LLC from continuing their use of the Borderfest mark, and for monetary damages as set forth more fully below.

## II. PARTIES

**2.**  Borderfest Association is an unincorporated nonprofit association organized by mutual consent for a common, nonprofit purpose pursuant to Section 252.001 of the Texas Business Organizations Code.  The Association's principal place of business is 800 E. Coma, Hidalgo, Texas.  Borderfest Association is a nonprofit organization providing cultural, musical and educational events in the Rio Grande Valley.

**3.**  Defendant City of Hidalgo is a home rule city formed under the laws of and incorporated in the State of Texas.  The City can be served by serving its City Manager, Julian Gonzalez, at 704 E. Texano, Hidalgo, Texas.

**4.**  Hidalgo Economic Development Corporation is a Texas corporation which may be served by serving it Executive Director, Prisciliano Trevino at 900 S. Bridge Street, Hidalgo, Texas.

**5.**  Defendant Hidalgo Borderfest, L.L.C. is a Texas limited liability company with its principal place of business located at 812 Del Oro – Tesoro Plaza, Pharr, Hidalgo County, Texas.  Hidalgo Borderfest, L.L.C.'s sole organizer and member is Ricardo Perez.  Hidalgo Borderfest LLC can be served by serving its registered agent, Ricardo Perez at 812 Del Oro – Tesoro Plaza, Pharr, Hidalgo County, Texas.

### III. JURISDICTION AND VENUE

**6.**     This complaint is for Federal trademark infringement under the Lanham Act, and this Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338

**7.**     Venue for this action is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. The infringing use of the Borderfest mark is displayed to consumers in this district and is confusing consumers in this district. Moreover, Borderfest Association, being based in this district, is suffering harm as alleged herein in this district.

### IV.     CONDITIONS PRECEDENT

**8.**     All conditions precedent have been performed or have occurred.

### V.     NATURE OF ACTION / FACTS

**9.**     The Hidalgo Chamber of Commerce initiated a community festival called Borderfest over 39 years ago in the City of Hidalgo. In 1992, the Borderfest Association was formed to govern and assume responsibility for Borderfest. Borderfest Association is an unincorporated nonprofit association which has enjoyed IRS Code Section 501 (c) (3) nonprofit organization status since November of 1992. *See* **Exhibit A**. Working closely with the Hidalgo Chamber of Commerce, sponsors, local civic and businesses leaders and numerous volunteers over the last forty years, the Borderfest Association has organized and promoted an annual Borderfest event in the City of Hidalgo. Borderfest has been recognized nationally and internationally as one of the best festivals in the world for its class. Borderfest has been awarded the "Grand Pinnacle Award" and recognized internationally six out of the last ten years as the best festival in its class by the International Festivals and Events Association. Borderfest has been recognized as the

best festival in its class during each of the last fifteen years by the Texas Festivals and Events Association.  The Texas Association of Fairs and Events has also recognized Borderfest as the best in its class during each of the last fifteen consecutive years.

10.    The Borderfest Association has at all relevant times, remained an independent organization, separate and apart from the City of Hidalgo.  The City of Hidalgo has never been involved in the governance of the Borderfest Association and has no legal or contractual authority over the Borderfest Association.

11.    Borderfest Association is the owner of United States Trademark Registration No. 3,120,721 for the mark BORDERFEST.  This registration was re-issued on July 25, 2006 and remains in full force and effect today.   A copy of the registration is attached as **Exhibit B**.

12.    The Borderfest Association has and continues to use the BORDERFEST mark in conjunction with its festival.

13.    As a result of the Borderfest Association's efforts, the BORDERFEST mark has become well and favorably known to the public as a distinctive quality South Texas community, cultural and entertainment festival.

14.    The BORDERFEST mark is inherently distinctive and represents the exceedingly valuable goodwill of the Borderfest Association and event.

15.    The public in South Texas has come to know and rely upon and recognize the Borderfest Association's BORDERFEST mark and the substantial goodwill associated with it.

16.    Defendants are promoting and advertising a community festival in Hidalgo, Texas under the BORDERFEST mark, as shown on the City of Hidalgo, Hidalgo Economic Development Corporation websites and Facebook accounts.  **Exhibits C, D** and **E** are examples of Defendants' use of the Borderfest mark.   Defendants' use of this mark is confusingly similar to the

Borderfest Association's uses and creates the same commercial impression as that of the Borderfest Association. With regard to the festival in Hidalgo, Texas, Defendants have elected not to work with or be affiliated with the Borderfest Association.

17. After 39 years in Hidalgo, the Borderfest Association decided to relocate Borderfest to McAllen, Texas for 2016 and plans have been initiated for Borderfest to take place at the McAllen Convention Center grounds during March 3, 2016 through March 6, 2016.

18. On February 6, 2015, on information and belief the Hidalgo City Attorney Ricardo Perez formed "Hidalgo Borderfest, LLC" as shown in **Exhibit F**. The use of the word "Borderfest" infringes upon the mark of the Borderfest Association.

19. Defendants' use of the BORDERFEST mark is without authorization from the Borderfest Association as shown in the affidavit of Borderfest Association Executive Director Ruth Hinojosa, attached hereto as **Exhibit G**.

20. Defendants' actions with respect to any and all use of BORDERFEST should be immediately and permanently enjoined.

## IV.    CLAIM FOR RELIEF
### (Federal Trademark Infringement)

21. Borderfest Association re-alleges and incorporates herein by reference all preceding paragraphs as though fully set forth herein.

22. Borderfest Association is the owner of the federally registered BORDERFEST mark for use in connection with entertainment and educational services, namely, organizing and conducting an annual multi-day event featuring live entertainment, visual and performing arts, cultural activities and celebrating ethnic heritage and diversity, arts and crafts exhibits, and international foods.

23. The federally registered BORDERFEST trademark identifies the source of Borderfest Association's services.

24. Defendants have used and are threatening to use a confusingly similar Borderfest name in interstate commerce in connection with a multi-day event in the City of Hidalgo during the month of March 2016, within the jurisdiction of this Court, featuring live entertainment, cultural activities and celebrating ethnic heritage and diversity, arts and crafts exhibits and international foods.

25. Defendants' unauthorized and unlawful use of the BORDERFEST mark constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § § 1051 through 1137.

26. Defendants have acted willfully and with wanton disregard in infringement of Borderfest's exclusive rights in Borderfest Association's trademark and continues to act with wanton disregard in infringing on Borderfest Association's trademark, unabated.

27. Defendants have intentional adopted, used and/or intentional expanded use of the BORDERFEST trademark in the Rio Grande Valley, U.S.A., with wanton disregard, with knowledge of their infringement and with intent to cause confusion, mistake, or to deceive. Because of these violations, Borderfest Association is entitled to recover damages, attorney's fees, and other remedies under 15 U.S.C. § 1117.

28. Borderfest Association has no adequate remedy at law and is suffering immediate and irreparable harm as a result of Defendants infringement of Borderfest Association's mark and such harm will increase substantially because of Defendants planned actions, unless enjoined.

29. By reason of Defendants' unlawful acts and practices, Defendants infringed on Borderfest Association's mark and have caused, are causing confusion and are deceiving the

public, and unless such acts are restrained by this Court, will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is justly entitled to injunctive relief.

**30.** Defendants' infringement of Borderfest Association's BORDERFEST mark is intentional and willful. Because of these violations, Borderfest Association is entitled to recover damages, attorney fees and other remedies under 15 U.S.C. § 1117.

### V. COUNT 4 – COMMON LAW TRADEMARK INFRINGEMENT

**31.** Paragraphs 1 through 30 are incorporated by reference as through fully set forth herein.

**32.** Defendants unauthorized use of the BORDERFEST mark has injured and is likely to, unless ejoined by the Court to conitinue to cause injury to Borderfest Association's reputation and to dilute the distinctive goodwill and reputation of Borderfest Association's name and mark, in violation of Texas Bus. Comm. Code § 16.29. Defendants have adopted and used such marks willfully and with knowledge of their infringement.

**33.** Borderfest Association has no adequate remedy at law and is suffering immediate and irreparable harm as a result of the Defendant's acts in the use of BORDERFEST, which is Borderfest Associations mark. Further, Borderfest Association has a substantial likelihood of success on the merits of its state law dilution claim against Defendant and the injury faced by Borderfest Association outweigh any injury that would be sustained by Defendants as a result of the relief requested. Borderfest Association further requests the issuance of a preliminary injunction, upon notice and hearing, and a permanent injunction be granted upon trial that Defendants and its officers, employees, agents, and servants permanently abstain from the BORDERFEST mark or any confusingly similar or dilutive derivations thereof.

## VI.     PRELIMINARY INJUNCTIVE RELIEF

34.     Plaintiff incorporates by reference the allegations above as if fully set forth herein.

35.     There is a substantial likelihood that Plaintiff will succeed on the merits of its claims.

36.     The relief sought is essential to prevent interference with Plaintiff's constitutional and statutory rights. Unless the relief sought is granted, Plaintiff will continue to suffer irreparable injury, in that Defendants will continue to infringe on Plaintiff's registered BORDERFEST mark.

37.     Plaintiff's injury outweighs any harm that will result if a preliminary injunction is granted. In fact, the status quo will be preserved and no harm will result.

38.     Plaintiff will suffer actual damages in the form of loss of goodwill, loss of reputation, business disruption, lost revenues, lost profits, loss of contribution and donors, out-of-pocket expenses and other damages which are collectively unliquidated and incapable of being easily calculated and more significantly, incapable of being assessed against the City based on sovereign immunity. The Texas Local Government Code Section 271.153 does not permit Plaintiff to recover consequential damages such as those shown above as the Texas Legislature has not waived a local government's sovereign immunity to these types of claims. Therefore, Plaintiff has no adequate remedy at law and will suffer irreparable harm unless the conduct is enjoined because Texas law prevents Plaintiff from recovering its actual damages against the City. Even if the law afforded such relief, it is likely that the City does not possess the resources to make Plaintiff whole.

39.     Plaintiff seeks a Temporary Injunction Order against the City of Hidalgo, the Hidalgo Economic Development Corporation and Hidalgo Borderfest, LLC and "any persons in active

concert or participation with them who receive actual notice"( including employees and representatives of the State Farm Arena) of the Temporary Injunction from taking any actions inconsistent with Plaintiff's rights under the federally registered BORDERFEST mark including interfering in anyway with the Borderfest Association's work to hold Borderfest in McAllen, Texas during 2016.  Plaintiff seeks an order enjoining Defendants from contacting anyone and representing any association with Borderfest.

**40.**   Granting a preliminary injunction will not disserve the public interest.

**41.**   The affidavit of Ruth Hinojosa, attached as **Exhibit G** to this complaint is offered in support of Plaintiff's claims for relief at law or in equity.

### VII.   TEMPORARY RESTRAINING ORDER

**42.**   Plaintiff incorporates by reference the allegations above as if fully set forth herein.

**43.**   Plaintiff seeks a Temporary Restraining Order against the City of Hidalgo, the Hidalgo Economic Development Corporation and Hidalgo Borderfest, LLC and "any persons in active concert or participation with them who receive actual notice"( including employees and representatives of the State Farm Arena) of the TRO from taking any actions inconsistent with Plaintiff's rights under the federally registered BORDERFEST mark including interfering in anyway with the Borderfest Association's work to hold Borderfest in McAllen, Texas during 2016.  Plaintiff seeks an order enjoining Defendants from contacting anyone and representing any association with Borderfest.

**44.**   Plaintiff requests that that this Court issue a temporary restraining order against the City of Hidalgo, the Hidalgo Economic Development Corporation and Hidalgo Borderfest, LLC enjoining them from infringing on Plaintiff's rights under the U.S. Patent and Trademark Office

Registration No. 3,120, 721, which includes using the mark "Borderfest" in anything connected with any event or entertainment or festival as Borderfest Association has the exclusive license under the federal trademark.

## VIII.   JURY DEMAND

**45.**   Plaintiff hereby requests a trial by jury of issues raised by this complaint that are triable to a jury.

## IX.   PRAYER

WHEREFORE PREMISES CONSIDERED, Borderfest Association prays that Defendants be cited to appear and answer and after appropriate proceedings, the Court order the following relief:

**1)**   Find and declare that the Defendants' unauthorized use of the BORDERFEST mark violates the trademark granted to Borderfest Association in Registration No. 3,120,721.

**2)**   Grant a Temporary Injunction or Temporary Restraining Order to Borderfest Association, restraining the City of Hidalgo and all of its officers, representatives and employees (including those at State Farm Arena) from taking any action that infringes upon or is inconsistent with Borderfest Association's federal trademark rights as the exclusive holder of the BORDERFEST mark, including but not limited to allowing another party to use Borderfest in any promotion or event.  Specifically, Defendant should be enjoined from interfering in anyway with Borderfest Association's Borderfest to be held in the City of McAllen during 2016.

**3)**   Grant a Temporary Injunction or Temporary Restraining Order to Borderfest Association, restraining the Hidalgo Economic Development Corporation and all of its officers, representatives and employees from taking any action that infringes upon or is inconsistent with

Borderfest Association's federal trademark rights as the exclusive holder of the BORDERFEST mark, including but not limited to allowing another party to use Borderfest in any promotion or event. Specifically, Defendant should be enjoined from interfering in anyway with Borderfest Association's Borderfest to be held in the City of McAllen during 2016.

4) Grant a Temporary Injunction or Temporary Restraining Order against Hidalgo Borderfest, LLC and all of its officers and employees from taking any action that infringes upon or is inconsistent with Borderfest Association's federal trademark rights as the exclusive holder of the BORDERFEST mark, including but not limited to allowing another party to use Borderfest in any promotion or event. Specifically, Defendant should be enjoined from interfering in anyway with Borderfest Association's Borderfest to be held in the City of McAllen during 2016.

5) Award Plaintiff its damages loss of goodwill and disruption of business and any other damages to which Plaintiff is entitled in an amount which is reasonable as well as Defendants' profits, if any, as allowed under 15 U.S.C. §1117(a);

6) Award Plaintiff its reasonable attorney's fees in bringing this action as allowed under 15 U.S.C. §1117(a);

7) Award Plaintiff its reasonable costs in bringing this action as allowed under 15 U.S.C. §1117(a);

8) Award Plaintiff pre-judgement and post-judgment interest as allowed by law.

9) Award Plaintiff its costs of court.

10) Provide for such other and further relief at law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**GARCIA & VILLARREAL, P.L.L.C**

*/s/ Jose E. Garcia*
Jose E. Garcia
State Bar No.: 07636780
Federal Bar No.: 3934
4311 N. McColl Road
McAllen, Texas 78504-2446
(956) 630-0081 – Telephone
(956) 630-3631 – Facsimile
**ATTORNEY FOR PLAINTIFFS**