Case 7:16-cv-00022 Document 30 Filed in TXSD on 01/29/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| BORDERFEST ASSOCIATION, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:16-CV-22 |
| § | |
| CITY OF HIDALGO, TEXAS, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before this Court is Plaintiff's Emergency Application for Temporary Restraining Order, Preliminary Injunction and Memorandum of Law in Support[1] filed by Plaintiff Borderfest Association ("Plaintiff"). Plaintiff seeks an order enjoining Defendants City of Hidalgo, Texas; Hidalgo Economic Development Corporation; and Hidalgo Borderfest, LLC (jointly "Defendants") from use of the name "Borderfest" and from interfering with Plaintiff's organization and operation of a festival so named in the City of McAllen. Defendants have filed a response.[2]

I    Brief Background

For close to forty years, a festival "Borderfest" has been held annually in the City of Hidalgo during the month of March. On January 13, 2016, for reasons not relevant to the instant issue, an announcement was made that the festival would be held in the City of McAllen. Almost immediately thereafter, the issue became a legal football. On January 14, 2016 the City of Hidalgo filed suit in the 398th Judicial District Court of Hidalgo County naming Joe Vera d/b/a Borderfest Association as Defendant. Joe Vera was, until January 12, 2016, the President and CEO of Borderfest Association. On January 19, 2016, the state court issued a Temporary Restraining Order (TRO) enjoining Joe Vera d/b/a Borderfest and all those "in concert with them" from use of the "Borderfest" name and from operation of any event by that name.[3] That TRO remains in effect with a preliminary injunction hearing set in the state court on February 2, 2016.

Meanwhile, Plaintiff filed this action on January 15, 2016. The case was originally assigned to a different District Court but due to recusal, the case was reassigned to this Court on January 19, 2016. The case was initially set for hearing on January 26, 2016. At that hearing, the Court, *sua sponte*, raised concerns regarding its authority to entertain the application for an injunction in light of the Anti-Injunction Act, 28 U.S.C. § 2283. The Court invited the parties to brief the issue and re-set the matter for hearing on January 29, 2016.

---

[1] Dkt. No. 4.
[2] Dkt. No. 22.
[3] See Dkt. No. 26-1.

The parties have each filed their respective briefs and the Court has heard the arguments of counsel.  The Court now considers whether it may proceed on the request for an injunciton.

II        Anti-Injunction Act

The Anti-Injunction Act ("the Act"), in its entirety provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[4]

> The Act, which has existed in some form since 1793, [] is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts. It represents Congress' considered judgment as to how to balance the tensions inherent in such a system. Prevention of frequent federal court intervention is important to make the dual system work effectively. By generally barring such intervention, the Act forestalls "the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court."  [] Due in no small part to the fundamental constitutional independence of the States, Congress adopted a general policy under which state proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court."[5]

The Act "has been interpreted consistently as an absolute bar to any federal court action that has the *effect of staying a pending state court proceeding* unless that action falls within one of the Act's three specifically designated exceptions."[6]  The three designated exceptions are those set out in the Act itself:  1) if expressly authorized by Act of Congress; 2) where necessary in aid of a district court's jurisdiction; and 3) to protect or effectuate a district court's judgments. Additionally, "[i]t is settled that the prohibition of [the Act] cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a [] state proceeding."[7]  Finally, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of [the Act] itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion."[8]

With these principles in mind, the Court turns to consideration of the pending request for a preliminary injunction.

III       Analysis

The Court considers first whether the Act applies at all to the present case.  Plaintiff argues that it does not for two reasons: 1)that Plaintiff herein is not a party to the state court

---

[4] 28 U.S.C. § 2283.
[5] *Chick Kam Choo v. Exxon Corp*., 486 U.S. 140, 146 (1988)(internal citations omitted).
[6] *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990)(emphasis added).
[7] *Atlantic Coast Line R. Co.  v. Bhd of Locomotive Engineers*, 398 U.S. 281, 287 (1970).
[8] *Id*. at 297.

action; and 2) that Plaintiff herein does not seek to enjoin any state court action. The Court considers the arguments in that order.

*Borderfest Association and Joe Vera, d/b/a Borderfest*

Plaintiff's first argument - that it is not a party to the state court action - is somewhat misleading. The dispositive issue is whether Plaintiff is bound by the state court TRO.[9] Thus, the Court considers the relationship between Borderfest Association and Joe Vera.

The record herein reflects that Plaintiff is as an unincorporated nonprofit association pursuant to Section 252.001 of the Texas Business Organization Code. In pertinent part, a nonprofit association is defined as an unincorporated association consisting of three or more members joined by mutual consent for a common, nonprofit purpose.[10] Plaintiff has identified Joe Vera as its Vice-President and CEO since its inception through January 12, 2016. In the state court action, the City of Hidalgo has sued Joe Vera d/b/a Borderfest asserting that he "claims to own and control the Borderfest name and event."[11] The Court here does not adjudicate this issue but does note that Joe Vera was, at the time much of the dispute giving rise to this action arose, a member of Borderfest Association authorized to act on its behalf on this matter.[12] Additionally, Plaintiff herein has agreed to indemnify Joe Vera and authorized its attorneys to represent Joe Vera in the state court action.[13]

The Court also considers the representations made to this Court. Specifically, at the hearing on this matter, Plaintiff's counsel stated that "[i]n the state court case, we still have not had an opportunity to have an audience with the court" and that "[w]e were asking to try and have the state court hearing yesterday." More significantly, Plaintiff's counsel, Jose E. Garcia, specifically stated that "speaking about the Borderfest Association . . . everybody knows that we're in state court . . . ."[14]

Thus, it certainly appears to this Court that Plaintiff is, in fact, a party to the state court action. However, even if not a party, the Court finds that Plaintiff is in active concert and participation with Joe Vera d/b/a Borderfest Association as it relates to the claims being litigated in state court. The Court also finds that Plaintiff is identified in interest with Joe Vera d/b/a Borderfest Association. The Court finds that under these facts Plaintiff is so identified in interest with Joe Vera d/b/a Borderfest Association that it is "reasonable to conclude that their rights and interests have been represented and adjudicated in the original injunction proceeding."[15]

*Relief Requested*

As noted, Plaintiff argues that it seeks only to enjoin Defendants from use of the name "Borderfest" and from interfering with Plaintiff's organization and operation of a festival so

---

[9] *See Harris County v. CarMax Auto Superstores, Inc.*, 177 F.3d 306 (5th Cir. 1999).
[10] Tex. Bus. Orgs. Code Ann. § 252.001.
[11] See Plaintiff's Original Petition filed in Cause No. C-0217-16-I in the 398th Judicial District Court of Hidalgo County.
[12] Dkt. No. 29-9. The Court notes that Plaintiff was not required to file its board meeting minutes but did so voluntarily.
[13] Dkt. No. 29-11.
[14] Hearing held January 29, 2016.
[15] *Harris County v. CarMax*, 177 F.3d at 314 (internal citation omitted.)

named in the City of McAllen. Plaintiff specifically argues that such an injunction would in no way enjoin the state court action.

As to this argument, Plaintiff is technically correct that the state TRO does not directly state that Defendants are authorized to use the Borderfest name. However, the TRO does enjoin interference with "[City of Hidalgo's] possession of the property." The only "property" at issue in the case is the name "Borderfest" so it is clear that the TRO effectively authorizes the City of Hidalgo's use of the Borderfest name. The TRO also prohibits the use by Joe Vera d/b/a Borderfest and all those acting in concert with them, of the Borderfest name.[16] Were the Court here to grant the requested relief, the City of Hidalgo would be prohibited from utilizing the results of the state TRO. This is precisely what the Act is designed to prevent.

IV     Conclusion

Based on the foregoing, the Court finds that the Anti-Injunction Act applies to Borderfest Association's request for a preliminary injunction. Because none of the Act's exceptions apply, the Court declines to consider the request for a preliminary injunction. The Court will, by separate, consider whether it should abstain from further consideration of this case pending the outcome of the state court proceeding.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th day of January, 2016.

_____
Micaela Alvarez
United States District Judge

---

[16] Dkt. No. 26-1.